# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| BRIAN DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 1:07-cv-79 |
| | ) *Edgar/Lee* |
| CSX TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) |

## MOTIONS IN LIMINE REGARDING ECONOMIC DAMAGES

Comes the Defendant, CSX Transportation, Inc. ("CSXT"), by and through counsel, and moves this Court in limine concerning matters regarding Plaintiff's alleged claim of wage losses and measure of damages. It is believed the Plaintiff may claim wage losses as a result of the injuries he allegedly received in this case. Under the Federal Employer's Liability Act, ("FELA"), 45 U.S.C. §51 *et. seq.*, it is the Plaintiff's net wage loss and not the Plaintiff's gross wage loss that is the appropriate measure of damages.

1. First, Plaintiff claims economic loss as a result of injuries allegedly received in December 2006. Plaintiff proposes to present evidence of economic losses through the testimony of Francis Rushing. A copy of the Plaintiff's economist's report is attached as ***Exhibit "A."*** CSXT moves the Court to require Plaintiff's economist to "get to the net" by making a deduction from his economic analysis for <u>employee</u> and <u>employer</u> paid Tier I and Tier II taxes (which are the similar to Social Security taxes).

1

The Plaintiff has the burden of proof on his damages. Plaintiff should not be allowed to introduce incompetent evidence. The Plaintiff has the burden of making the deductions from gross wage loss in order to "get to the net." CSXT says that the Plaintiff's economist, if allowed to testify and include these taxes would grossly overstate Plaintiff's future wage loss and past wage loss.

This Court and the federal judiciary of the Eastern District of Tennessee have decided this precise issue favorably to defendant railroads. As **Collective Exhibit "B"** CSXT attaches to this Motion and incorporates as if set forth verbatim the following decisions of this jurisdiction: Chapman v. CSX Transportation, Inc., No. 3:95-cv-274 (two Memorandums and Orders); Ellis v. Norfolk Southern Ry Co., No. 3:96-cv-854; Thomas v. CSX Transportation, Inc. et al, No. 1:95-cv-155; Jones v. CSX Transportation, Inc., No. 2:96-cv-180; Hughes v. CSX Transportation, Inc., No. 2:95-cv-345; Neeley v. Norfolk Southern Ry Co., No. 2:03-cv-400.

2. Although past wage losses wages or lost future earnings are recoverable under the FELA, there are well established rules setting forth the method by which wage losses should be calculated. ***Janelle v. Seaboard Coast Line Railroad Co.***, 524 F.2d 1259 (5th Cir. 1975). For example, it is only after tax, or net income, that is the proper measure of damages. ***Norfolk and Western Railroad Company v. Liepelt***, 444 U.S. 490 (1980). Thus, not only must federal income tax be deducted from any wage loss calculation, but social security tax or, in this case, railroad retirement taxes must also be deducted. ***Matador v. Ingram Tank Ships, Inc.***, 732 F.2d 475 (5th Cir. 1984); ***Tallentire v. Offshore Logistics, Inc.***, 754 F.2d 1274 (5th Cir. 1985); ***Pickel v. International Oil Field Driver's, Inc.***, 701

2

F.2d 1237 (5th Cir. 1986). As noted by the United States Supreme Court in *Eichel v. New York Central,* 375 U.S. 253 (1963), railroad retirement taxes are essentially the same thing as social security taxes.

Again, another deduction from gross income wage loss necessary for arriving at the Plaintiff's after-tax or disposable income is the amount <u>he</u> pays the federal government in the form of Tier I and Tier II railroad retirement board ("RRB") taxes. They are not benefits, but are federal excise taxes paid by the employee. RRB taxes are the railroad worker's version of social security taxes. 26 C.F.R. Chapter 1, 31.3201-1 subpart C, which requires the employer to collect from each employee the employee tax by deducting it from compensation subject to the rates set forth in Section 201(b) of the Social Security Amendments. Also see Chapter 22, Intern Revenue Code. The logic is that if the Plaintiff does not earn the income, then he does not pay social security or railroad retirement taxes (Tier I and Tier II).

The U.S. Supreme Court decision of *Norfolk and Western Railway Company v. Liepelt, supra,* was the first federal decision in an evolution of federal cases dealing with the issue of federal damages in FELA and other cases. However, the only issue raised was whether or not income tax must be deducted from gross pay, and the issue of RRB taxes or social security benefits was not addressed. The Court held it was reversible error to not deduct from the gross wage loss the amount of Plaintiff's pay, which was subject to taxes stating, <u>"it is his after tax income, rather than his gross income before taxes, that is applicable."</u> The Court states, "the amount of money that a wage earner is able to contribute to the support of his family is unquestionably affected by the amount of tax he must pay to

3

the federal government. It is his after tax income, rather than his gross income before taxes, that provides the only realistic measure of his ability to support his family." Id. at 693.

Since *Liepelt*, other federal court decisions have enumerated a list of items which must be deducted in order to arrive at the Plaintiff's disposable income, including social security taxes, which are the equivalent of RRB taxes. In *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475 (1984) the Fifth Circuit U.S. Court of Appeals analyzed that evolving federal law of damages on pages 478 to 479 and said:

> "In computing the loss of future earnings, gross earnings should not be used. Unless the amount the worker would have been required to pay in income taxes and social security taxes is negligible or should, for some articulated reason, be disregarded, the lost income stream must be computed after deducting the income taxes and social security taxes the worker would have paid had he continued to work, for he is entitled only to be made whole for what he has lost, his net income." *Culver I*, 688 F.2d 302.

Id. at 478-79.

*Madore* concerns the Jones Act, which is the maritime equivalent of the FELA and applies federal laws regarding damages. Also see *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1218 (5th Cir. 1986).

In *Tallentire v. Offshore Logistics, Inc.*, 754 F.2d 1274 (5th Cir. 1985), the Court held:

> In computing future earnings, the defendant's economist deducted social security taxes for the decedent's life span. Taylor in essence argues that social security payments are similar to payments to a pension plan, and that in any case social security deductions are matched by the employer's contribution, so there is no net loss of income. Although this argument has a certain amount of superficial appeal, <u>our case is established that social security taxes should be deducted in computing future earnings</u>.

Id. at 1287 (string citations omitted).

4

reduced. Judge Phillips has ruled that employer paid Tier I and Tier II taxes are not benefits and are to be excluded from the economist's calculation of wage loss. ***Chapman v. CSX Transportation, Inc., No. 3:95-cv-274.***

Plaintiff's evidence through his economist may advise the jury that Plaintiff has lost a calculated monetary figure in disability annuity and pension benefits, whereas the truth is Plaintiff is presently receiving disability benefits each month, and when he reaches retirement age, pursuant to 45 U.S.C. §231(a), he will start receiving retirement benefits for the rest of his life based on his highest five years of earnings and his total length of service. Therefore, Plaintiff's economist would be presenting to the jury evidence entitling Plaintiff to recover twice for the same alleged loss, or more accurately to recover for loss of that which, as a matter of law, he will not lose. In addition, the economist may make no attempt to calculate or explain to the jury that Plaintiff will actually receive the retirement benefits or what the difference in amount will be, if any, reduced to present value. Instead, he simply may present the testimony as though Plaintiff will lose the entire retirement benefits, stating the present value of those losses.

CSXT asks the Court to either prevent the Plaintiff's economist from presenting evidence of the fictitious lost fringe benefit, or in the alternative, in the interest of accuracy and fairness, the Defendant must be allowed to show the jury that the Plaintiff is now receiving disability benefits and upon retirement will begin collecting retirement benefits.

This identical situation was present in ***Adams v. Burlington Northern Railroad Company***, 865 S.W.2d 748 (Missouri Ct.App. 1993). However, in trial ***Adams*** the defendant did not object to this evidence, but the Court of Appeals ruled the evidence would have been

6

inadmissible if an objection had been made. In response to Plaintiff's claim, the Court observed "... any length between the taxes paid and the benefits is too tenuous to provide a true measure of plaintiff's loss...To determine the plaintiff's lost retirement benefits one should simply apply the formula in order to arrive at new numbers: (1) The amount plaintiff would have been entitled to if he had continued to work until age 66, and (2) the amount plaintiff will actually been entitled to. The difference between the two amounts, discounted to present value, represents Plaintiff's lost benefits. Plaintiff's evidence upon proper objection, would not have been admissible. Therefore, this requirement of the curative admissibility doctrine is satisfied. **Id.** at 751.

4. Thirdly, Plaintiff is one of the few railroad employee who did not choose to be covered by the CSXT Group, dental insurance plan. Despite this, Plaintiff's economist has claimed that Plaintiff has lost a fringe benefit of group medical insurance payments made by CSXT. In fact, Plaintiff never had any deductions for medical insurance as he received private insurance through his girlfriend's employer. Instead, he received a $65 payment for pay period for his not opting into the CSXT group insurance plan. Plaintiff opted out of this fringe benefit and should not be allowed to recover this loss. Therefore, Plaintiff's economist should be ordered not to include as a fringe benefit insurance.

5. Fourthly, Plaintiff also is required to deduct from his gross earnings not only taxes, but also the business costs and expenses he will not incur as a result of his alleged injuries. These costs and expenses include union dues, transportation expenses, and special work clothing or safety equipment. **Jones v. Laughlin Steel Corp. v. Pfiefer, 462 U.S. 523 (1983).**

Accordingly, CSXT moves the Court to exclude evidence of any gross wage loss, past or future, in this case. If the Plaintiff attempts to prove economic damage in the form of past and future wage loss or loss of earning capacity such calculations would not purport to follow the law applicable to the proper measure of damages in FELA cases and such testimony should be prohibited. CSXT further moves the Court to order Plaintiff's economist to not include as a fringe benefit railroad paid Tier I and Tier II taxes, insurances payments, and to deduct business expenses and costs Plaintiff will not incur.

Respectfully submitted,

**BAKER, O'KANE, ATKINS & THOMPSON**

Respectfully submitted,

By: s/John W. Baker, Jr., BPR#001261
s/Emily L. Herman Thompson, BPR#021518
2607 Kingston Pike, Suite 200
Post Office Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600
(865) 637-5608 facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access the filing through the Court's electronic filing system.

s/Emily L. Herman-Thompson